No.   90-429

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

JOHN HOLLAS and SHEILA HOLLAS,

     Plaintiffs and Appellants,

-v-

JACK L. McLEOD, JACK McLEOD, and
ASSOCIATES, INC., and GLENN PRYOR
and LOIS PRYOR,

     Defendants and Respondents.



FILED

JAN 15 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     David N. Hull, Helena, Montana

     For Respondent:

     James E. Purcell, Butte, Montana

Submitted on Briefs:  November 29, 1990

Decided:  January 15, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs John Hollas and Sheila Hollas sought specific performance of a contract for deed, naming Jack L. McLeod, Jack McLeod and Associates, Inc., (McLeods) realtors in the transaction, and Glenn Pryor and Lois Pryor, sellers in the transaction, as defendants. The District Court for the Second Judicial District, Silver Bow County, granted summary judgment to the McLeods. Plaintiffs appeal. We affirm.

The sole issue for our review is whether the District Court erred in granting summary judgment in favor of the McLeods.

On January 20, 1986, the Pryors listed their real property for sale with the McLeods. The plaintiffs made several offers to purchase the property, which resulted in the execution of a Contract for Deed on February 14, 1986 between the plaintiffs and the Pryors. Note that the Pryors were never served and are not parties to this appeal.

The Contract for Deed was executed on February 14, 1986 and provided that the purchase price of $30,000 was payable $20,000 upon execution of the agreement, with the balance of $10,000 payable in monthly installments of $192.65 at 9% over 5 1/2 years. The contract also obligated the Pryors to provide the plaintiffs with an owner's title insurance policy within 90 days after the execution of this agreement, guaranteeing that the Pryors owned the real property in fee simple absolute, free and clear of liens and encumbrances. In its review of the uncontested facts, the District Court summarized the same by pointing out that the plaintiffs went into possession of the property on March 7, 1986; and the McLeods

1

did not set up the escrow because the Pryors went into bankruptcy. The District Court referred to the various steps in the bankruptcy court which culminated in the 1989 petition to reopen the Pryor bankruptcy on the part of McLeods and resulted in a bankruptcy court order authorizing the sale of the property in question free and clear of any liens. At that point the McLeods had a title insurance policy issued which did show clear title as of that time in the Pryors.

In December, 1986, the McLeods dispersed the $20,000 retained in its trust account since February 20, 1986. Plaintiffs' complaint against the McLeods alleges that they orally advised McLeod not to disburse the $20,000 down payment until there was a clear title. The plaintiffs also claim a breach of fiduciary duty to them by disbursing without clear title. The defendants moved for summary judgment, maintaining that the plaintiffs have not been damaged as they now have a policy showing clear title so that the Pryors had fulfilled their obligation to give clear title; and also contending that the McLeods had no contractual relationship with the plaintiffs.

Relying on Scheitlin v. R.D. Minerals (1985), 217 Mont. 8, 701 P.2d 1388, the District Court held that plaintiffs waived the 90-day clear title provision of the Contract for Deed. It pointed out that McLeod was employed by the Pryors, not the plaintiffs and thus McLeod did not owe a fiduciary duty to the plaintiffs. It further pointed out that any agreement regarding the disbursal of the down payment funds should have been memorialized in the buy-sell agreement or the Contract for Deed. The District Court concluded

that there were no genuine issues of fact. It stated:

> This case is governed by the provisions of the Contract for Deed between Sellers and Buyers concerning the subject real estate and in this case the Buyers did absolutely nothing from February 14, 1986, until after the Escrow was set up in late December, 1986, following the original bankruptcy order. Other than said Contract for Deed, there was nothing in writing evidencing any agreement between the Plaintiffs and the Defendants McLeod regarding dispersal of funds.

Pursuant to Rule 56(c), M.R.Civ.P., the District Court granted summary judgment in favor of defendants. From that judgment, plaintiffs appeal.

We affirm the holding of the District Court that the plaintiffs waived the provision by their failure to object until after the McLeods disbursed the $20,000 down payment. We emphasize that as a result of the issuance of the title insurance policies, the Pryors as sellers have fulfilled their obligation to provide clear and marketable title to the plaintiffs. As a result, the question of the waiver of the 90-day marketable provision is moot for practical purposes.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

3